IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**CHAD ANTHONY LOUIS FOWLER**                      **PLAINTIFF**
**#1762**

v.                **CASE NO. 3:20-CV-00170 BSM**

**C. MORRIS,** *et al.*                              **DEFENDANTS**

## ORDER

Chad Fowler's motion to reopen his case [Doc. No. 8] is granted.

Fowler's incarceration in the Independence County Detention Center triggers automatic screening of his complaint. *See* 28 U.S.C. § 1915A. Fowler sued defendants in their official capacities only, Compl. at 2, Doc. No. 2, but he has not alleged that a municipal policy or custom was the cause of any alleged violation. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Therefore, as pled, his complaint fails to state a claim upon which relief can be granted.

Even if Fowler had made personal capacity claims, most of those claims would still fail. Fowler pled guilty to charges of aggravated assault, battery, and furnishing prohibited articles. *See State v. Fowler*, 32CR-20-58; *State v. Fowler*, 32CR-20-61. To the extent that Fowler makes claims challenging his convictions, those claims are barred. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). To the extent he seeks release from incarceration, that remedy is not available for a case brought pursuant to 42 U.S.C. section 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("when a state prisoner is challenging the very fact

or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). To the extent Fowler argues that he should have been released on his own recognizance, he lacks any constitutional basis for that claim. *Pilkinton v. Circuit Court of Howell County, Mo.*, 324 F.2d 45 (8th Cir. 1963).

Fowler also asserts two double jeopardy claims, stating that he was served with two warrants for the same incident and was given a prison disciplinary citation for "something [he] had been criminally charged with." Compl. at 3. Fowler's first double jeopardy claim fails because he was not punished twice for the same offense; instead, he was charged with and pled guilty to three separate offenses. *See North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). His second double jeopardy claim fails because administrative proceedings based on the violation of prison rules do not implicate the double jeopardy clause. *Kerns v Parratt*, 672 F.2d 690, 691-92 (8th Cir. 1982).

If Fowler intended to make personal capacity claims, he may amend his complaint regarding his excessive force, conditions of confinement, access to counsel, and due process claims. In order to survive the screening process, however, he must provide more information about each of these claims. As currently pled, Fowler's excessive force claim fails because he did not specify who "tossed [him] around" when he was arrested. Compl. at 6; *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Fowler states that, while in jail, he could not call a bondsman or lawyer, and he also complains about the conditions of his confinement. Compl. at 7–8. Those claims, as currently pled, fail because he does not

identify who allegedly violated his rights. *See Iqbal*, 556 U.S. at 676. Fowler also makes a due process claim, alleging that Sissy "never [took] [him] before a judge" and that Arkansas Rules of Criminal Procedure 8.1-8.6 were violated, but he does not provide any further details. Compl. at 3, 7.

Any amended complaint should (1) name as a defendant each person Fowler believes violated his constitutional rights and whom he wishes to sue; (2) provide specific facts pertaining to each named defendant, and indicate with as much detail as possible the dates, times, and places where each defendant violated his rights; (3) indicate whether he is suing each defendant in his or her individual or official capacity, or both; and (4) explain the reasons for any official capacity claim.

The clerk is directed to send Fowler a blank section 1983 complaint. Fowler has thirty days to file an amended complaint; if he does not file an amended complaint within that time, his case will be dismissed without prejudice.

IT IS SO ORDERED this 10th day of June, 2021.

_____
UNITED STATES DISTRICT JUDGE